J-S47017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERTO CASTILLO JR. | : | |
| | : | |
| Appellant | : | No. 1420 EDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000609-1984

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 11, 2025**

Alberto Castillo Jr. appeals *pro se* from the order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On January 29, 1985, a jury convicted Castillo of first-degree murder. The trial court imposed a life sentence without the possibility of parole on March 16, 1990. Castillo appealed. On April 2, 1991, this Court affirmed his judgment of sentence. **Commonwealth v. Castillo**, 594 A.2d 779 (Pa. Super. 1991) (non-precedential decision). Castillo did not seek further review.

Between 1991 and 2016, Castillo filed a series of unsuccessful PCRA petitions. On March 26, 2024, Castillo filed the PCRA petition at issue, his sixth. Two days later, the PCRA court issued a Pa.R.Crim.P. 907 notice of its

intent to dismiss without a hearing. Castillo did not file a response. By order entered May 3, 2024, the PCRA court dismissed Castillo's petition. This appeal followed. Both Castillo and the PCRA court have complied with Pa.R.A.P. 1925.

Castillo raises the following issue:

A) The PCRA court erred as a matter of law and abused its discretion when dismissing [Castillo's] well pled subsequent PCRA petition which set forth a prima facie showing of a "miscarriage of justice"/"manifest injustice" occurred thus depriving [Castillo] of his rights as set forth by the United States Constitution, Amendment 14, denying [Castillo] a fair and meaningful PCRA review.

Castillo's Brief at iv (excess capitalization omitted).

Before addressing this claim, however, we must first determine whether Castillo's serial PCRA petition was timely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here,  Castillo's judgment of sentence became final on May 2, 1991, thirty days after the time for filing an *allocatur* petition to the Pennsylvania Supreme Court expired.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Castillo had until May 1, 1992, to file a timely petition.  Because Castillo filed the petition at issue over thirty years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

Castillo has failed to plead let alone prove an exception to the PCRA's time bar.  In his brief, Castillo states that he "presented a subsequent PCRA petition invoking the 'miscarriage of justice'" exception to the time bar. Castillo's Brief at 8.  Castillo is mistaken.  The only exceptions to the PCRA's time bar are the three listed above.  Although the "miscarriage of justice"

standard to which Castillo refers still exists in Pennsylvania case law, it only applies to **timely** filed second or subsequent PCRA petitions; it is not a separate exception to the PCRA's time bar. **Burton**, 936 A.2d at 527.

In sum, because Castillo's petition was untimely, the PCRA court lacked jurisdiction to consider its merits. **Derrickson**, *supra*. We therefore affirm the PCRA court's order dismissing Castillo's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025